Robert V. Closson, Esq. (SBN 125646)
bclosson@hirschclosson.com
HIRSCH CLOSSON, APLC
5030 Camino de la Siesta, Suite 300
San Diego, CA 92108
Telephone (619) 233-7006
Facsimile  (925) 935-9825

Bryan Kerney, Esq.  (SBN 208767)
bkerney@hirschclosson.com
HIRSCH CLOSSON, APLC
26346 Carmel Rancho Lane, Suite 201-C
Carmel, CA 93923
Telephone: (831) 900-5008
Facsimile: (925) 935-9825

Attorneys for Plaintiff,
AMERICAN CONTRACTORS INSURANCE COMPANY RRG

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CONTRACTORS INSURANCE COMPANY RRG, a Texas entity,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>FINANCIAL PACIFIC INSURANCE COMPANY, a California Corporation; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | CASE NO.<br><br>AMERICAN CONTRACTORS INSURANCE COMPANY RRG'S COMPLAINT FOR:<br><br>(1) DECLARATORY RELIEF - DUTY TO DEFEND GOODFELLOW<br>(2) EQUITABLE SUBROGATION - GOODFELLOW<br>(3) EQUITABLE CONTRIBUTION- GOODFELLOW<br>(4) DECLARATORY RELIEF - DUTY TO DEFEND ENCLAVE<br>(5) EQUITABLE SUBROGATION - ENCLAVE<br>(6) EQUITABLE CONTRIBUTION - ENCLAVE |

COMES NOW, Plaintiff, AMERICAN CONTRACTORS INSURANCE COMPANY RRG ("ACIC") and for its Complaint against the Defendants herein alleges as follows:

**JURISDICTION**

1.　This Court has diversity jurisdiction over this action pursuant to 28 U.S.C.

Hirsch Closson, APLC
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

1

ACIC'S COMPLAINT FOR DECLARATORY RELIEF, SUBROGATION AND CONTRIBUTION

§1332(a) as Plaintiff is domiciled in Texas and the named defendant FINANCIAL PACIFIC INSURANCE COMPANY is domiciled in California.

2. The amount in controversy exceeds $75,000 and represents disputed defense fees and costs sought in connection with the defense of the parties' mutual insureds with regard to the hereinafter described Underlying Action.

## VENUE

3. ACIC is informed and believes and thereon alleges that the acts and/or omissions at issue in this litigation took place in the State of California, County of Sacramento, which mandates that this action be commenced in the United States District Court for the Eastern District of California sitting in Sacramento pursuant to L.R. 120(d). The hereinafter described Underlying Action has been filed and is being prosecuted in the Superior Court for the State of California, County of Sacramento, within this judicial district. Accordingly, venue is also proper in the Eastern District of California in Sacramento pursuant to 28 U.S.C. §1391(b)(2).

## THE PARTIES

4. At all times material to this Complaint, Plaintiff ACIC was and is a Texas entity and an insurer which is duly engaged in the business of issuing insurance policies in the State of California. ACIC is sometimes referred to herein as "Plaintiff."

5. ACIC is informed and believes that at all times material to this Complaint, Defendant FINANCIAL PACIFIC INSURANCE COMPANY ("FPIC") is and was a California corporation which is duly licensed, authorized and engaged in the business of issuing insurance policies in the State of California.

6. Plaintiff is unaware of the true names and capacities of the Defendants sued in this Complaint as DOES 1 through 10, inclusive, and therefore sues said Defendants by such fictitious names and prays leave of this Court to amend this Complaint to set forth their true names and capacities when the same have been ascertained.

7. ACIC is informed and believes and thereon alleges that Defendants, and each of them, were diverse individuals, corporations and/or other entities within the jurisdiction

**Hirsch Closson, APLC**
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

2

ACIC'S COMPLAINT FOR DECLARATORY RELIEF, SUBROGATION AND CONTRIBUTION

of this Court.

## THE INSURANCE POLICIES

**The ACIC Policy:**

8. ACIC issued commercial general liability coverage to Goodfellow Bros. LLC and Goodfellow Bros. California LLC (collectively, "Goodfellow") as the named insureds through policy number GL20A0005, effective June 1, 2020 through June 1, 2021, subject to a $500,000 per occurrence limit ("the ACIC Policy"). The ACIC Policy was based upon commercial liability form CG 99 06 20 01, and included limitations of coverage outlining, among other things, when coverage afforded by the ACIC Policy would be primary or excess to other valid and collectible insurance. The ACIC Policy included, in pertinent part, the following language under **8. Other Insurance**:

> **b.    Excess Insurance**
>
> This insurance is excess over any of the other insurance, whether primary, excess, contingent or an any other basis:
>
> ***
>
> (5)    That is valid and collectible liability insurance whether primary, umbrella or excess provided on your behalf by another party such as an owner or subcontractor as a result of that party including you as an insured in its liability policy whether primary, umbrella or excess in compliance with a contract or agreement. However, this insurance applies only if this policy would have provided coverage for you had you not been included as an insured in the otherparty's liability insurance policy.
>
> When this insurance is excess, we will have no duty under Coverages A or B to defend any claim or "suit" that any other insurer has a duty to defend. If no other insurer defends, then we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

9. The ACIC Policy insuring agreement indicates there is coverage for an "occurrence" further defined as an "accident", which results in "bodily injury" during the policy period.

**The FPIC Policy:**

10. Plaintiff is informed and believes and thereon alleges that Defendant FPIC issued commercial general liability insurance policy no. 60498205 or a renewal thereof ("the

Hirsch Closson, APLC
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

3
ACIC'S COMPLAINT FOR DECLARATORY RELIEF, SUBROGATION AND CONTRIBUTION

FPIC POLICY"), effective December 31, 2019 to December 31, 2020 to Sierra Traffic Control, Inc. as the named insured ("Sierra").

11. Plaintiff is informed and believes and thereon alleges that the FPIC Policy included endorsement CG 20 10 04 13 entitled "Additional Insured - Owners, Lessees or Contractors - Scheduled Person or Organization" ("Ongoing Ops AI Endorsement"), which changes the definition of "Who Is An Insured" to include "Blanket as required by written contract. Effective during the policy period as stated in the policy declarations." The "Location of Covered Operations" schedule further indicated, "Blanket when required by written contract. When this insurance applies, and required by contract, such insurance as is afforded by the General Liability policy is primary and any other insurance shall be excess and shall not contribute to the insurance afforded by this endorsement." Coverage under the endorsement was afforded to the additional insured for "bodily injury" caused "in whole or in part" by Sierra's "acts or omissions".

12. Plaintiff is informed and believes and thereon alleges that the FPIC Policy included endorsement CG 20 37 04 13 entitled "Additional Insured - Owners, Lessees or Contractors - Completed Operations" ("Completed Ops AI Endorsement"), which changes the definition of "Who Is An Insured" to include "Blanket as required by written contract. Effective during the policy period as stated in the policy declarations." The "Location of Covered Operations" schedule further indicated, "Blanket when required by written contract. When this insurance applies, and required by contract, such insurance as is afforded by the General Liability policy is primary and any other insurance shall be excess and shall not contribute to the insurance afforded by this endorsement." Coverage under the endorsement was afforded to the additional insured for "bodily injury" as a result of an accident during the policy period, caused "in whole or in part" by Sierra's "acts or omissions" within the "products-completed operations hazard".

13. On or about June 19, 2018, Goodfellow entered into a subcontract agreement with Sierra, wherein Sierra agreed to perform construction work for Goodfellow with respect to the hereinafter described Project, as more fully thereafter set forth in a "work

**Hirsch Closson, APLC**
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

authorization" as well as change orders. The subcontract agreement, work authorization, and all other documents between Goodfellow and Sierra relative to the hereinafter described project are collectively referred to herein as "the Subcontract". Pursuant to the terms of the Subcontract, Sierra was required to provide coverage for Goodfellow and Enclave at Folsom Ranch, LLC ("Enclave") as additional insureds on Sierra's general liability insurance policy (i.e., the FPIC POLICY). The Subcontract further required Sierra's insurance (i.e., the FPIC POLICY) to be primary and that Goodfellow's and/or Enclave's own insurance would be excess (i.e., that Goodfellow's insurance provided by ACIC would be non-contributory). A true and correct copy of the Subcontract not including change orders is attached hereto and incorporated herein as Exhibit "A".

## FACTUAL BACKGROUND

14. On or before July 3, 2020 Goodfellow entered into a construction contract with Enclave for certain road improvements ("the Project") in Folsom, California ("the City"). With respect to the Project, the Subcontract required Sierra to provide, among other services and improvements, "roadway striping and signage - East Bidwell" and "end of road barricade." The phrase "roadway signage and striping," includes barricades, paint, delineators, and other traffic markings.

15. On or about July 3, 2020 an accident occurred at the Project and more specifically, at the intersection of Old Ranch Way. The solo vehicle accident occurred when Daniel Artherton ("Artherton"), stuck a curb at Old Ranch Way while riding his motorcycle, resulting in severe injuries ("the Accident"). Artherton filed a complaint in Sacramento Superior Court entitled *Daniel Artherton v. City of Folsom, et al.,* Sacramento Superior Court Case No: 34-2021-00293406 (the "Underlying Action") against Goodfellow and Sierra among others, seeking damages for his injuries and alleging that the accident was caused by the nearby intersection of E. Bidwell Street ("Bidwell") and Alder Creek Parkway ("Alder"). A copy of the complaint in the Underlying Action is attached hereto and incorporated herein as Exhibit "B". On or about July 23, 2021 Enclave was named as Doe 53 in the Underlying Action.

Hirsch Closson, APLC
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

5
ACIC'S COMPLAINT FOR DECLARATORY RELIEF, SUBROGATION AND CONTRIBUTION

16. The complaint in the Underlying Action alleges that Artherton was injured as a result of confusing traffic conditions at the intersection of Bidwell and Alder. The Complaint in the Underlying Action alleges that Artherton was injured as a result of a dangerous condition on a public roadway – at the very section of the public roadway which Sierra was contracted to improve under the Subcontract with Goodfellow. The Complaint in the Underlying Action alleges that "there were absolutely no signs – including "Do Not Enter," "Lane Closed," "Road Closed" or similar signs – and absolutely no barricades, cones, tubular markings, channelizers….or any other type of marker or device placed across the open lane directly in front of Plaintiff that would have alerted motorists facing the existing southbound E. Bidwell lane that it was no longer intended to be used as a lane of travel," among other allegations. Sierra was responsible for the installation of barricades, paint and delineators at the intersection of Alder and E. Bidwell under the terms of the Subcontract. Accordingly, there is at a minimum a potential for liability to Goodfellow which was caused in whole or in part by the acts or omissions of Sierra within the meaning of the Ongoing Ops AI Endorsement or Completed Ops AI Endorsement of the FPIC POLICY.

17. Upon being served with the Underlying Action, Goodfellow tendered defense of the Underlying Action to ACIC. ACIC agreed to provide a defense to Goodfellow and has incurred defense costs on its behalf pursuant to the terms of the ACIC policy. The defense costs paid by ACIC were not incurred "voluntarily" within the meaning of any other insurer's policy conditions. Rather, the defense costs were paid to discharge a contractual obligation under California law.

18. Upon being served with the Underlying Action, Goodfellow and ACIC separately tendered defense and indemnity of Goodfellow in the Underlying Action to FPIC as an additional insured under the FPIC POLICY. FPIC rejected all such tenders of defense and indemnity, responding only that Sierra was not responsible for design. In violation of The California Code of Regulations, Title 10, Chapter 5, Subchapter 7.5, "Fair Claims Settlement Practices Regulations", section 2695.7(b)(1), FPIC's denial letters failed to cite policy language which allegedly supports the denial of coverage. Accordingly, ACIC pleads the

Hirsch Closson, APLC
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

6
ACIC'S COMPLAINT FOR DECLARATORY RELIEF, SUBROGATION AND CONTRIBUTION

terms of the FPIC POLICY based on information and belief.

19. Enclave tendered defense to ACIC as an additional insured pursuant to the terms of the contract between Enclave and Goodfellow. Based upon the potential for liability of Enclave arising from the acts or omissions of Goodfellow's subcontractor Sierra, ACIC agreed to participate in the defense of Enclave as an additional insured under a reservation of rights. ACIC is informed and believes and thereon alleges that Enclave qualifies as an additional insured on the FPIC policy because Enclave qualifies as an additional insured on the FPIC policy, and because the liability of Enclave potentially was caused in whole or in part by the acts or omissions of Sierra as Goodfellow's subcontractor. ACIC is further informed and thereon alleges that pursuant to the terms of the Subcontract and/or the terms of the ACIC policy and the FPIC policy, FPIC is primary with respect to any obligation to defend Enclave and ACIC is excess.

20. Sierra agreed to name Goodfellow as an additional insured on the FPIC POLICY with respect to Sierra's work on the Project. The claims in the Underlying Action directly implicate Sierra's scope of work on the Project. Goodfellow is potentially liable in the Underlying Action for bodily injury caused by an accident within the meaning of the FPIC POLICY, which was caused in whole or in part by the acts or omissions of Sierra within the meaning of the Ongoing Ops AI Endorsement or the Completed Ops AI endorsement. Accordingly, ACIC is informed and believes and thereon alleges that FPIC and Does 1 through 10 have a primary duty to defend and/or indemnify Goodfellow for the claims against Goodfellow in the Underlying Action.

## FIRST CAUSE OF ACTION
### Declaratory Relief - Duty to Defend Goodfellow
### (All Defendants)

21. Plaintiff ACIC hereby incorporates each and every allegation contained in paragraphs 1-20 above as if fully set forth herein.

22. ACIC seeks a judicial determination of the rights and duties of the parties with respect to an actual controversy arising out of the Underlying Action. An

Hirsch Closson, APLC
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

7

ACIC'S COMPLAINT FOR DECLARATORY RELIEF, SUBROGATION AND CONTRIBUTION

actual present and justiciable controversy has arisen and now exists between ACIC and Defendants, in that ACIC contends and said Defendants deny, that:

(A) Defendants have a duty to defend Goodfellow in the Underlying Action; and

(B) under the terms of the FPIC POLICY and the Subcontract, Goodfellow's own coverage is excess and non-contributory and therefore ACIC's duty to defend is excess to Defendants.

23. ACIC desires a judicial determination of the respective rights and duties of ACIC and Defendants with respect to the Underlying Action. Such a declaration is necessary and appropriate at this time in order that ACIC and Defendants may ascertain their rights and duties under the ACIC Policy and the FPIC POLICY with respect to the duty to defend Goodfellow in the Underlying Action. ACIC will seek leave of Court to amend this complaint and to seek declaratory relief relative to Defendant's duty to indemnify Goodfellow when that request for relief is ripe.

## SECOND CAUSE OF ACTION

**Equitable Subrogation - Goodfellow's Defense Fees and Costs**

**Against All Defendants**

24. Plaintiff incorporates by reference Paragraphs 1 through 23 above, and refers to them in this cause of action as though fully set forth herein.

25. Defendants, and each of them, were obligated to defend Goodfellow in the Underlying Action as an additional insured under the policies Defendants issued to Sierra, including the FPIC POLICY, by virtue of the allegations of bodily injury during the policy period, potentially caused in whole or in part by Sierra's acts or omissions in its performance of the Subcontract.

26. Pursuant to the terms of the Subcontract and the terms of the insurance policies referenced herein, the policies Defendants issued to Sierra including the FPIC POLICY afford coverage to Goodfellow as an additional insured thereunder, and were to serve as primary insurance over the ACIC Policy. Any obligation to defend the Underlying Action

Hirsch Closson, APLC
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

8

ACIC'S COMPLAINT FOR DECLARATORY RELIEF, SUBROGATION AND CONTRIBUTION

under the ACIC Policy is therefore excess over the primary obligation of the Defendants to defend Goodfellow in the Underlying Action. Accordingly, Defendants, and each of them, are solely and primarily liable for the costs to defend Goodfellow in the Underlying Action.

27. As a consequence of the failure and/or refusal of Defendants, and each of them, to defend Goodfellow as an additional insured, ACIC has been compelled to pay the costs to defend Goodfellow in the Underlying Action, which defense fees should rightfully have been paid entirely by Defendants, and each of them, who are solely liable for such costs.

28. ACIC's payments made toward the defense of Goodfellow in the Underlying Action were not "voluntary" within the meaning of any "voluntary payments" clause of any and all policies of insurance issued by Defendants, including the FPIC POLICY.

29. ACIC has suffered damages as a result of Defendants', and each of their, failure and/or refusal to defend Goodfellow as an additional insured under the policies Defendants issued to Sierra, including the FPIC POLICY, insofar as such failure and/or refusal caused ACIC to expend sums to defend Goodfellow in the Underlying Action which do or will exceed $75,000.

30. Justice requires that the entire cost to defend Goodfellow in the Underlying Action should be shifted from Plaintiff to Defendants, and each of them, whose equitable positions are inferior to that of ACIC, as Defendants' wrongful failure and/or refusal to acknowledge or otherwise discharge their obligations to defend Goodfellow in the Underlying Action as an additional insured under the policies Defendants issued to Sierra, including the FPIC POLICY, which obligations were primary over those of ACIC, caused ACIC to expend significant defense fees for which Defendants, and each of them, were primarily liable. ACIC will seek leave of Court to amend this complaint and to seek subrogation relative to Defendant's duty to indemnify Goodfellow when that request for relief is ripe.

## THIRD CAUSE OF ACTION
**Equitable Contribution - Goodfellow's Defense Fees and Costs**
**Against All Defendants**

Hirsch Closson, APLC
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

31. Plaintiff incorporates by reference Paragraphs 1 through 23 above, and refers to them in this cause of action as though fully set forth herein.

32. Plaintiff is informed and believes that the policies issued by Defendants including the FPIC POLICY, provided coverage for Goodfellow as an additional insured for its potential liability in the Underlying Action. Defendants, and each of them, were obligated to defend Goodfellow as an additional insured under the policies Defendants issued to Sierra, including the FPIC POLICY, for bodily injury as alleged in the Underlying Action caused, in whole or in part, by Sierra's acts or omissions at the Project.

33. Defendants, and each of them, were obligated to defend Goodfellow in the Underlying Action as an additional insured under the policies Defendants issued to Sierra, including the FPIC Policy, by virtue of the allegations of bodily injury potentially arising out of Sierra's ongoing operations performed for Goodfellow at the Project, which damages are, at minimum, potentially covered under Defendants' policies, including the FPIC POLICY.

34. As a consequence of the failure and/or refusal of Defendants, and each of them, to defend Goodfellow as an additional insured, ACIC has been compelled to pay a disproportionate percentage of Goodfellow's defense costs relative to the claims in the Underlying Action.

35. In the event the Court determines that ACIC is not excess to Defendant's obligations to defend as requested in the Second Cause of Action for Subrogation above, Plaintiff is entitled to equitable contribution of an equitable share of said defense costs from said Defendants, and each of them. ACIC will seek leave of Court to amend this complaint and to seek contribution relative to Defendant's duty to indemnify Goodfellow when that request for relief is ripe.

## FOURTH CAUSE OF ACTION

### Declaratory Relief - Duty to Defend Enclave

### (All Defendants)

36. Plaintiff ACIC hereby incorporates each and every allegation contained in paragraphs 1-20 above as if fully set forth herein.

**Hirsch Closson, APLC**
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

10

ACIC'S COMPLAINT FOR DECLARATORY RELIEF, SUBROGATION AND CONTRIBUTION

37. ACIC seeks a judicial determination of the rights and duties of the parties with respect to an actual controversy arising out of the Underlying Action. An actual present and justiciable controversy has arisen and now exists between ACIC and Defendants, in that ACIC contends and said Defendants deny, that:

(A) Defendants have a duty to defend Enclave in the Underlying Action; and

(B) under the terms of the FPIC POLICY and the Subcontract, Goodfellow's own coverage is excess and non-contributory and therefore ACIC's duty to defend is excess to Defendants.

38. ACIC desires a judicial determination of the respective rights and duties of ACIC and Defendants with respect to the Underlying Action. Such a declaration is necessary and appropriate at this time in order that ACIC and Defendants may ascertain their rights and duties under the ACIC Policy and the FPIC POLICY with respect to the duty to defend Enclave in the Underlying Action. ACIC will seek leave of Court to amend this complaint and to seek declaratory relief relative to Defendant's duty to indemnify Enclave when that request for relief is ripe.

## FIFTH CAUSE OF ACTION

**Equitable Subrogation - Enclave's Defense Fees and Costs**

**Against All Defendants**

39. Plaintiff incorporates by reference Paragraphs 1 through 20 and 36 through 38 above, and refers to them in this cause of action as though fully set forth herein.

40. Defendants, and each of them, were obligated to defend Enclave in the Underlying Action as an additional insured under the policies Defendants issued to Sierra, including the FPIC POLICY, by virtue of the allegations of bodily injury during the policy period, potentially caused in whole or in part by Sierra's acts or omissions in its performance of the Subcontract.

41. Pursuant to the terms of the Subcontract and the terms of the insurance policies referenced herein, the policies Defendants issued to Sierra including the FPIC POLICY afford coverage to Enclave as an additional insured thereunder, and were to serve as primary

Hirsch Closson, APLC
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

11

ACIC'S COMPLAINT FOR DECLARATORY RELIEF, SUBROGATION AND CONTRIBUTION

insurance over the ACIC Policy. Any obligation to defend the Underlying Action under the ACIC Policy is therefore excess over the primary obligation of the Defendants to defend Enclave in the Underlying Action. Accordingly, Defendants, and each of them, are solely and primarily liable for the costs to defend Enclave in the Underlying Action.

42. As a consequence of the failure and/or refusal of Defendants, and each of them, to defend Enclave as an additional insured, ACIC has been compelled to pay the costs to defend Enclave in the Underlying Action, which defense fees should rightfully have been paid entirely by Defendants, and each of them, who are solely liable for such costs.

43. ACIC's payments made toward the defense of Enclve in the Underlying Action were not "voluntary" within the meaning of any "voluntary payments" clause of any and all policies of insurance issued by Defendants, including the FPIC POLICY.

44. ACIC has suffered damages as a result of Defendants', and each of their, failure and/or refusal to defend Enclave as an additional insured under the policies Defendants issued to Sierra, including the FPIC POLICY, insofar as such failure and/or refusal caused ACIC to expend sums to defend Enclave in the Underlying Action which do or will exceed $75,000.

45. Justice requires that the entire cost to defend Enclave in the Underlying Action should be shifted from Plaintiff to Defendants, and each of them, whose equitable positions are inferior to that of ACIC, as Defendants' wrongful failure and/or refusal to acknowledge or otherwise discharge their obligations to defend Goodfellow and/or Enclave in the Underlying Action as an additional insured under the policies Defendants issued to Sierra, including the FPIC POLICY, which obligations were primary over those of ACIC, caused ACIC to expend significant defense fees for which Defendants, and each of them, were primarily liable. ACIC will seek leave of Court to amend this complaint and to seek subrogation relative to Defendant's duty to indemnify Enclave when that request for relief is ripe.

### SIXTH CAUSE OF ACTION
**Equitable Contribution - Enclave's Defense Fees and Costs**

Hirsch Closson, APLC
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

**Against All Defendants**

46. Plaintiff incorporates by reference Paragraphs 1 through 20 and 36 through 38, and refers to them in this cause of action as though fully set forth herein.

47. Plaintiff is informed and believes that the policies issued by Defendants including the FPIC POLICY, provided coverage for Enclave as an additional insured for its potential liability in the Underlying Action. Defendants, and each of them, were obligated to defend Enclave as an additional insured under the policies Defendants issued to Sierra, including the FPIC POLICY, for bodily injury as alleged in the Underlying Action caused, in whole or in part, by Sierra's acts or omissions at the Project.

48. Defendants, and each of them, were obligated to defend Enclave in the Underlying Action as an additional insured under the policies Defendants issued to Sierra, including the FPIC Policy, by virtue of the allegations of bodily injury potentially arising out of Sierra's ongoing operations performed for Goodfellow pursuant to Goodfellow's contract with Enclave at the Project, which damages are, at minimum, potentially covered under Defendants' policies, including the FPIC POLICY.

49. As a consequence of the failure and/or refusal of Defendants, and each of them, to defend Enclave as an additional insured, ACIC has been compelled to pay a disproportionate percentage of Enclave's defense costs relative to the claims in the Underlying Action.

50. In the event the Court determines that ACIC is not excess to Defendant's obligations to defend as requested in the Fifth Cause of Action for Subrogation above, Plaintiff is entitled to equitable contribution of an equitable share of said defense costs from said Defendants, and each of them. ACIC will seek leave of Court to amend this complaint and to seek contribution relative to Defendant's duty to indemnify Goodfellow when that request for relief is ripe.

**PRAYER FOR RELIEF**

WHEREFORE, ACIC prays for judgment against Defendants, and each of them, as

Hirsch Closson, APLC
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

13

ACIC'S COMPLAINT FOR DECLARATORY RELIEF, SUBROGATION AND CONTRIBUTION

follows:

**FIRST CAUSE OF ACTION**

1. A judicial determination that Defendants including FPIC are obligated to provide a primary defense to Goodfellow with respect to the Underlying Action;

2. That ACIC be awarded its costs incurred in this action.

**SECOND CAUSE OF ACTION**

1. A determination that ACIC is entitled to complete reimbursement from Defendants, and each of them, for all of the defense costs paid by ACIC on behalf of Goodfellow in the Underlying Action.

**THIRD CAUSE OF ACTION**

1. A determination that ACIC is entitled to contribution from Defendants, and each of them, of an equitable share of the defense costs paid by ACIC to defend Goodfellow in the Underlying Action; and

2. A determination of the amount of contribution to which ACIC is entitled from Defendants, and each of them.

**FOURTH CAUSE OF ACTION**

1. A judicial determination that Defendants including FPIC are obligated to provide a primary defense to Enclave with respect to the Underlying Action;

2. That ACIC be awarded its costs incurred in this action.

**FIFTH CAUSE OF ACTION**

1. A determination that ACIC is entitled to complete reimbursement from Defendants, and each of them, for all of the defense costs paid by ACIC on behalf of Enclave in the Underlying Action.

**SIXTH CAUSE OF ACTION**

1. A determination that ACIC is entitled to contribution from Defendants, and each of them, of an equitable share of the defense costs paid by ACIC to defend Enclave in the Underlying Action; and

**Hirsch Closson, APLC**
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

14

ACIC'S COMPLAINT FOR DECLARATORY RELIEF, SUBROGATION AND CONTRIBUTION

    2.    A determination of the amount of contribution to which ACIC is entitled from Defendants, and each of them.

**ALL CAUSES OF ACTION**

1. For prejudgment interest at the legal rate;
2. For costs of suit incurred herein; and,
3. For such other and further relief as the Court deems just and proper.

                                  HIRSCH CLOSSON, APLC

DATED: February 2, 2022        By  /s/ Robert V. Closson
                                               Robert V. Closson, Esq.
                                               Bryan P. Kerney, Esq.
                                               Attorneys for Plaintiff,
                                             AMERICAN CONTRACTORS INSURANCE COMPANY RRG

**Hirsch Closson, APLC**
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

15

ACIC'S COMPLAINT FOR DECLARATORY RELIEF, SUBROGATION AND CONTRIBUTION